Mathew K. Higbee, Esq. SBN 241380
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff,*
TROY COVEY

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY COVEY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>EPILYNX LLC; and DOES 1 through 10 inclusive,<br><br>　　　　　　　　Defendants. | Case No. 2:25-cv-5562<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Troy Covey, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant because Defendant's

1
**COMPLAINT**

acts of infringement complained of herein occurred in the state of California Defendant's acts of infringement were directed towards the state of California, Defendant caused injury to Plaintiff within the state of California, and Defendant has a physical presence in the state of California.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff TROY COVEY ("Covey") is an individual and professional photographer by trade.

6. Defendant, EPILYNX LLC("Epilynx" or "Defendant") is a Delaware limited liability company with a principal place of business in West Hills, California.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes, and, on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated,

"Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

9. Troy Covey is a successful commercial photographer specializing in beauty photography.

10. Covey's client list includes *Lune + Aster*, *Briogeo*, *Clinique*, *Target*, *Peloton*, *Versed Skincare*, *e.l.f.*, and *SHAPE Magazine*.

11. Covey's portfolio of work is available for viewing by the general public at www.troycovey.com ("Covey Website").

12. Covey licenses his work for a fee.

13. Troy Covey is the sole author and exclusive rights holder to a photograph of a female model applying a creamy facial cleanser to her skin ("Skincare Photograph").

14. Attached hereto as Exhibit A is a true and correct copy of the Skincare Photograph.

15. Troy Covey registered the Skincare Photograph with the United States Copyright Office under Registration Number VAu 1-349-196 with an Effective Date of Registration of March 18, 2019.

16. Attached hereto as Exhibit B is a true and correct copy of the Registration Certificate VAu 1-349-196 for the Skincare Photograph.

17. According to its Website, Epilynx is a skincare brand offering cruelty

free, vegan, and allergy friendly products. *See generally* https://www.epilynx.com/.

18. Epilynx manages, operates, and controls the Instagram account @epilynxbydrliia ("Defendant's Instagram Account").

19. On information and belief, Defendant's Instagram Account generates content in order to promote Defendant(s)' products and services, attract social media followers and user traffic to the Defendant's main webpage, and generate profit and revenue for the company and its owner(s).

20. At all relevant times, Defendant's Instagram Account was readily accessible throughout the State of California, the United States, and the world.

21. On or about August 16, 2024, Troy Covey discovered his Skincare Photograph copied and published within a collage image on Defendant's Instagram Page with a caption discussing the use of jojoba beads as an exfoliant ("Infringing Post").

22. Attached hereto Exhibit C are true and correct screenshots of Defendant's Instagram account showing Infringing Post.

23. Troy Covey has never at any point granted Defendant a license or other permission to copy, display, distribute, or otherwise use the Skincare Photograph in the Infringing Post on Defendant's Instagram account or elsewhere.

24. Defendant, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Infringing Post to Defendant's Instagram account without Troy Covey's consent or authorization.

25. Covey is informed and believes that the purpose of the use of the Skincare Photograph on Defendant's Instagram was to promote and encourage sales of the Defendant's products by providing a high-quality, professionally-produced photograph to assist the viewer in visualizing the results that could be achieved through Defendant's products.

26. On information and belief, Defendant's use of the Skincare Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Skincare Photograph on Defendant's Instagram Account or in any other way.

27. Soon after discovering the Infringing Post, Troy Covey, through counsel, reached out to Defendant to have the Skincare Photograph removed and to attempt to resolve this matter without court intervention, but the parties were unable to come to an agreement.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

28. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

29. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Skincare Photograph.

30. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Skincare Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted,

publicized, and otherwise held out to the public for commercial benefit, the original and unique Skincare Photograph without Plaintiff's consent or authority, by using it in the Infringing Post.

31. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount pursuant to 17 U.S.C. § 504(c).

32. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

33. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

34. Defendant(s)—including its employees, agents, contractors or others over whom it has responsibility and control—copied and uploaded the Skincare Photograph to Defendant's Instagram account without Troy Covey's consent or authorization.

35. Epilynx (including its employees, agents, contractors or others over whom it has responsibility and control) willfully uploaded the Skincare Photograph onto Defendant's Instagram account because Epilynx knew it did not have permission to use the Skincare Photograph.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Skincare Photograph by copying, displaying, and distributing it without a

license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated:      June 18, 2025                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*

# DEMAND FOR JURY TRIAL

Plaintiff, Troy Covey, hereby demands a trial by jury in the above matter.

Dated:  June 18, 2025                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*